IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| FRANCIS GRANDINETTI, II,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOCIAL SECURITY ADMINISTRATION, *et al.*,<br><br>　　　　Defendants. | Case No. 25-cv-00036-DKW-RT<br><br>**ORDER (1) DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS; AND (2) DENYING AS MOOT MOTIONS FOR AN EXTENSION OF TIME**[1] |

　　On January 27, 2025, Plaintiff Francis Grandinetti, proceeding without counsel, filed a Complaint against the Social Security Administration (SSA), the U.S. Department of Housing and Urban Development (HUD), and the State of Hawai'i. Dkt. No. 1. While the Complaint is far from clear, it appears that Grandinetti seeks to appeal benefits decisions made by the SSA and/or HUD. As an example, attached to the Complaint is a "Notice of Change in Payment" from the SSA, stating that, beginning in January 2025, Grandinetti's monthly supplemental security income payment will increase to $967. Dkt. No. 1-1.

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

Grandinetti, though, does not indicate what is wrong with this decision or explain what the purpose of this attachment is if an appeal of that decision is not his intention. *See generally* Dkt. No. 1.

More pertinent to the instant Order is the fact that, in filing the Complaint, Grandinetti neither paid the applicable filing fee nor applied for leave to proceed without prepayment of such fee. Dkt. No. 2. He cured that omission, however, on March 10, 2025 when he moved for leave to proceed without prepaying fees or costs ("IFP Application"). Dkt. No. 7. Also, on March 10 and March 11, 2025, Grandinetti curiously moved, in two separate filings, for a 60-day extension of time to file an IFP application (collectively, the "extension motions"), though he had already filed one. Dkt. Nos. 6, 10. For the reasons discussed below, the Court DENIES the IFP Application without prejudice to re-filing a new application that complies with the following instructions.

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant

2

must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

In the IFP Application, Grandinetti appears to state that, although he was at some point in time incarcerated in a State of Hawai'i detention facility, on February 8, 2025, he was released on $5,000 bail. Dkt. No. 7 at 1. He further states that he is "not allowed to work[,]" which is presumably why he does not state that he receives any gross pay or wages. *See id*. Grandinetti next appears to state that, in the past 12 months, he has received the following income: (1) $20 per month from self-employment, which appears to consist of "recycling"; (2) 10 cents per month in interest; (3) $25 from either "gift certificates" or "SSI"; and (4) an unidentified amount of "Section 8", "SNAP," and, potentially, "SSI." *Id*. Next, Grandinetti states that he has "about" $100 in a bank account, $500 per month in expenses, no dependents, and an unidentified amount of debts. *Id*. at 2.

In this light, the IFP Application is, at the very least, incomplete. Specifically, although Grandinetti identifies sources of income, such as "SNAP" and "Section 8", he does not state, even though the form requires him to do so, the amount he received or whether he expects to receive the income in the future. *See* Dkt. No. 7 at 1. Further, although Grandinetti states that he has received $25, it is not clear whether this amount relates to "gift certificates" or "SSI", whether it is

3

something he receives on a monthly or other recurrent basis, or whether he expects to receive the same in the future. Next, as mentioned above, attached to the Complaint is a document indicating that, from the beginning of 2025, Grandinetti will receive $967 per month in supplemental security income, which is also known as SSI. This amount is notably missing from the IFP Application as income. Finally, Grandinetti does not state the amount of his debts or to whom they are payable, as required. Without this missing information, the Court cannot properly assess whether Grandinetti is able to pay the fees for this case and, therefore, the IFP Application, Dkt. No. 7, is DENIED WITHOUT PREJUDICE.

      Should Grandinetti decide to continue with this action without paying the filing fee, he must file a new application to proceed *in forma pauperis*, a blank copy of which the Court will mail to him. In completing a new application, Grandinetti must fully answer <u>all</u> questions on the form, including the questions concerning the amount of income, of whatever type, he has received in the last 12 months and whether he expects to receive such payments in the future. This includes Grandinetti's income from "gift certificates", "SSI", "Section 8", and "SNAP." Grandinetti must also state the amount of his debts and to whom they are payable.

Grandinetti may have until **March 28, 2025** to file a new application to proceed in district court without prepaying fees or costs.  **The failure to file a complete application to proceed *in forma pauperis* or pay the civil filing fee may result in the dismissal of this action without further consideration of the merits of the case.**  Because the IFP Application has been filed and denied, the extension motions, Dkt. Nos. 6, 10, are DENIED AS MOOT.

The Clerk of Court is DIRECTED to mail Grandinetti a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240).

IT IS SO ORDERED.

Dated: March 14, 2025 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge